# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ARROW ELECTRONICS, INC. | § § § | |
| v. | § § | Civil Action No. 4:17-CV-00895 Judge Mazzant |
| FIRERACKER, LLC, SAM DARWISH, AULLAH DARWISH, and SKINNY IT CORP. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #14). Having considered the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Between June 2017 and November 2017, Plaintiff Arrow Electronics, Inc. ("Arrow") sold Defendant Fireracker, LLC ("Fireracker"), various electronic products on credit. On June 5, 2017, in order to secure the payment of any indebtedness of Fireracker, Defendants Sam and Aullah Darwish (collectively, the "Darwishs") executed a Personal Guaranty ("Darwish Guaranty") and Defendant Skinny IT Corp. ("Skinny IT") executed a Limited Corporate Guaranty ("Skinny IT Guaranty") (collectively, the "Guarantees") on behalf of Fireracker in favor of Arrow. Subsequently, Fireracker failed to pay for the electronic products and Arrow alleges Fireracker and the Guarantors owe Arrow more than $2.8 million. On November 29, 2017, Arrow sent Fireracker a letter demanding that it pay the outstanding amounts, but Fireracker failed to do so.

On December 28, 2017, Arrow filed its Complaint against Defendants asserting claims for breach of contract, quantum meruit, and promissory estoppel (Dkt. #1). On February 20, 2018, the Darwishs and Skinny IT filed a Rule 12(b)(2) motion to dismiss, asserting that the parties

consented to a mandatory forum-selection clause in the Guarantees (Dkt. #14). The Darwish Guaranty states in pertinent part:

> **8. Choice of Laws, Consent to Jurisdiction, Service of Process and Waiver of Jury Trial.** This Guaranty shall for all purposes be deemed to be made in, and shall be governed by the laws of, the State of Colorado. Guarantor hereby consents and submits itself to the jurisdiction of the courts of the State of Colorado. Guarantor hereby agrees that service of process in any such action may be made by certified or registered mail to the attention of the undersigned at the address first above set forth or at such other address of which notice may in writing be given, and that such service shall be deemed complete upon the day of Guarantor's receipt thereof. Guarantor irrevocably waives the right to trial by jury in any action, proceeding, claim or counterclaim brought by or on behalf of Arrow or any party related to or arising out of this Guaranty.

(Dkt. #14, Exhibit 1 at p. 4). The Skinny IT Guaranty states in pertinent part:

> **8. Choice of Laws, Consent to Jurisdiction and Service of Process.** This Guaranty shall for all purposes be deemed to be made in, and shall be governed by the laws of, the State of New York. Guarantor hereby consents and submits itself to the jurisdiction of the courts of the State of New York. Guarantor hereby agrees that service of process in any such action may be made by certified or registered mail to the attention of the undersigned at the address first above set forth or at such other address of which notice may in writing be given, and that such service shall be deemed complete upon the day of Guarantor's receipt thereof.

(Dkt. #14, Exhibit 2 at p. 3).

On March 6, 2018, Arrow filed a response (Dkt. #17). On March 13, 2018, Defendants filed a reply (Dkt. #20). On March 16, 2018, Arrow filed a sur-reply (Dkt. #21).

## LEGAL STANDARD

In determining whether there is personal jurisdiction over a non-resident defendant, a two-step analysis is conducted. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the long-arm statute of the forum state permits the exercise of jurisdiction. *Id.* Second, it must be determined whether the exercise of jurisdiction comports with due process. *Id.*

The Texas long-arm statute extends to the limits of due process under the Constitution. *Command-Aire Corp. v. Ontario Mechanical Sales and Service, Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). As a result, the determination of a non-resident's amenability to personal jurisdiction under the Texas long-arm statute is a federal style inquiry as to whether jurisdiction comports with federal constitutional guarantees. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990). The due process clause permits the exercise of personal jurisdiction over a nonresident defendant when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state; and (2) the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)).

General jurisdiction occurs when "a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984). General jurisdiction exists only when the defendant's contacts with the State constitute "continuous and systematic" general contacts with the forum. *Id.* at 416. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).

A corporation is fairly regarded as at home in its place of incorporation and principal place of business. *Id.* at 760. General jurisdiction "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762 n.20. Other courts have held that the *Daimler* "essentially at home" standard applies to unincorporated associations. *See Waldman*

*v. Palestine Liberation Org.*, 835 F.3d 317, 332 (2d Cir. 2016) ("*Daimler*'s reasoning was based on an analogy to general jurisdiction over individuals, and there is no reason to invent a different test for general personal jurisdiction depending on whether the defendant is an individual, a corporation, or another entity"); *Livnat v. Palestinian Auth.*, 82 F. Supp. 3d 19, 29 (D.D.C. 2015).

Specific jurisdiction exists where the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n. 8. For the Court to exercise specific jurisdiction, it must find: (1) that the foreign defendant purposely directed his activities at residents of the forum and (2) the cause of action arose from or is connected with such activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985). Specific jurisdiction may be established if the defendant's conduct constitutes only one act in the forum state and that act is substantially related to the suit. *See Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). However, it is essential that in each case there is an act by which the defendant purposefully availed itself of the benefits and protections of the forum state. *Hanson v. Denkla*, 357 U.S. 235, 253 (1958).

After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of establishing the district court's jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When, as here, no evidentiary hearing is conducted, "the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Id.* (citation omitted). When considering the motion to dismiss, the court must accept as true the plaintiff's uncontroverted allegations and resolve all factual disputes in favor of plaintiff. *Id.* (citations omitted).

**ANALYSIS**

Defendants' motion does not address whether this Court has personal jurisdiction over them.[1] Rather, Defendants' motion argues that the "Consent to Jurisdiction" provisions in the Guaranties prohibit this Court from exercising personal jurisdiction over them and the Court will analyze the motion as such.

Arrow argues that the forum-selection clause is permissive, not mandatory. Thus, while those clauses permit jurisdiction in Colorado and New York, they do not require it. Defendants argue that the forum-selection clause are mandatory, not permissive, and an action to enforce the Guaranties must be brought in Colorado and New York courts.[2]

Before determining whether a forum-selection clause is permissive or mandatory, "[a] federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits" to determine which substantive law governs the interpretation of the forum-selection clause. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 582, 187 L.Ed. 2d 487 (2013); *see Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 494–496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016). The Court then "appl[ies] that substantive law to the language of the [forum-selection clause] to decide whether it is mandatory or permissive." *Weber*, 811 F.3d at 769.

Arrow initiated this action in the Eastern District of Texas. Thus, under *Klaxon*, Texas choice-of-law rules apply. 313 U.S. at 496, 61 S. Ct. at 1021 ("The conflict of laws rules to be

---

[1]Even if Defendants had properly asserted that the Court lacks personal jurisdiction over them, the Court would have personal jurisdiction over the Defendants. Fireracker is a Texas limited liability company with a principal place of business in Frisco, Texas. Sam Darwish is the sole member of Fireracker. Sam Darwish is domiciled in Frisco, Texas, and is a citizen of the state of Texas (Dkt. #1 at p. 1). Aullah Darwish is domiciled in the state of Texas, and is a citizen of the state of Texas (Dkt. #1 at p. 1). Skinny IT is incorporated under the laws of the state of Texas, and has its principal place of business in Frisco, Texas (Dkt. #1 at p. 2).

[2] Defendants also assert that Plaintiff has failed to demonstrate that the forum-selection clause in the Skinny IT Guaranty is unreasonable or unjust, thus, the clauses are prima facie valid and be enforced. However, that is contrary to Arrow's position as it does not dispute the validity of the clause.

applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts."). In deciding which state's law should govern the construction of contractual rights, Texas law applies the principles stated in the Restatement (Second) of Conflict of Laws (1971) (the "Restatement"). *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 231 (Tex. 2008). Section 187 of the Restatement states:

> Law of the State Chosen by the Parties
>
> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
>> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>>
>> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187 (1971).

The parties in this case chose Colorado law to apply to the Darwish Guaranty and New York Law to apply to the Skinny IT Guaranty. Similar to Texas law, both Colorado law and New York law require that the language of a mandatory clause, however phrased, clearly manifest an intent to confer jurisdiction exclusively on a particular forum. Otherwise, it is permissive. *See, e.g.*, *Vanderbeek v. Vernon Corp.*, 25 P.3d 1242, 1248 (Colo. App. 2000) ("The clause need only contain clear language showing that the appropriate forum consists of that which has been designated."); *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 708 (2d Cir. 2010) ("A forum

6

selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language.") (citations and quotations omitted); *G.E. Capital Corp. v. Cutler*, No. 15 Civ. 4420 (PAE), 2015 WL 7444627, at *3 (S.D.N.Y. Nov. 23, 2015) ("[T]he forum-selection clauses contain clear language of exclusion limiting the defendants to the state or federal courts of New York, and those courts only").

A party's consent to jurisdiction in one forum does not necessarily waive that party's right to have an action heard in a different forum. For a forum-selection clause to be exclusive and mandatory, it must "contain[] clear language demonstrating that jurisdiction is appropriate only in the designated forum." *Cattleman's Choice Loomix, LLC v. Heim*, No. 11-cv-00446-WYD-CBS, 2011 WL 1884720, at *1-2 (D. Colo. May 18, 2011) (internal quotation marks and citation omitted) (finding mandatory jurisdiction where a clause provided that "[a]ll actions or proceedings arising directly or indirectly from the Agreement *shall be litigated only* in the State or Federal Courts having situs in or in courts from the County of Weld, State of Colorado . . . .") (emphasis in original); *see also Hunt Constr. Grp., Inc. v. Oneida Indian Nation*, 53 A.D.3d 1048, 1049 (N.Y. App. Div. 2008) (finding mandatory a clause providing that a party "consents to submit to personal jurisdiction of those courts of the State of New York and of the United States with competent subject matter jurisdiction *located in the City of Syracuse, New York and the parties agree that all actions related to this Agreement shall be brought or defended in such courts*") (emphasis in original).

Conversely, permissive forum-selection clauses authorize jurisdiction in the designated forum, but do not prohibit litigation elsewhere. *Vanderbeek*, 25 P.3d at 1247 ("[W]hen language reflects that only one of the parties has agreed to subject itself to a particular jurisdiction, without more, it is generally viewed as permissive."); *see also Global Seafood Inc. v. Bantry Bay Mussels*

*Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) (clauses "lacking any clear exclusionary or obligatory language—i.e., 'specific language of exclusion'—are, therefore, permissive and not subject to a presumption of enforceability") (citation omitted).

For a forum-selection clause to be mandatory, the provision must clearly indicate its obligatory nature and refer specifically to venue. Section 8 of the Darwish Guaranty states "Guarantor hereby consents and submits itself to the jurisdiction of the courts of the State of Colorado" and Section 8 of the Skinny IT Guaranty states "Guarantor hereby consents and submits itself to the jurisdiction of the courts of the State of New York." (Dkt. #14, Exhibit 1 p. 4; Dkt. #14, Exhibit 2 at p. 3).[3]

After reviewing the provisions and the cases cited by the parties, the Court finds that the forum-selection clauses are permissive and not mandatory. The Guaranties are completely void of any "clear language" dictating that Colorado or New York courts are the only appropriate forum for suits arising from the Guaranties and do not confer exclusive jurisdiction on Colorado or New York courts. The language of the provisions consents to jurisdiction in Colorado and New York but does not clearly refer to a choice of venue. The Court finds that these forum-selection clauses are permissive, and jurisdiction and venue in this Court is proper. Defendants' motion to dismiss is denied.

---

[3] In its reply, Defendants assert for the first time that "should the Court find that the forum-selection clauses do not mandate Colorado and New York state courts, them the forum-selection clauses are ambiguous as to whether they are mandatory or permissive" and should be construed against the drafter (Arrow) (Dkt. #20 at p. 4). "Legal arguments raised for the first time in a sur-reply, like arguments raised for the first time in a reply, are waived." *Branch v. CEMEX, Inc*., No. H-11-1953, 2012 WL 2357280, at *9 (S.D. Tex. June 20, 2012); *Miles Bramwell USA, LLC v. Weight Watchers Intern., Inc*., No. 4:12-cv-292, 2013 WL 1797031, at *4 (March 27, 2013), *adopted by* 2013 WL 1793934 (E.D. Tex. April 26, 2013). Furthermore, a plain reading of the Guarantees leads the Court to the conclusion that the clauses are unambiguous.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #14) is hereby **DENIED**.

**SIGNED this 12th day of April, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE